### T. & P. R'Y Co. v. Wm. H. HURLESS.

(No. 1384, Op. Book No. 3, p. 463.)

APPEAL from Bowie County.　Opinion by WILLSON, J.

§ 582. *Negligence of conductor of railroad; liability for, to company; reconvention for; erroneous charge of court.* Appellee sued appellant in justice's court for $50 for services rendered as conductor on a freight train on appellant's road. Appellant pleaded in reconvention for $200 damages alleged to have been sustained by it in the collision of two freight trains, which collision, the plea alleged, was occasioned by the negligence of appellee as conductor of one of the trains. Appellant also pleaded the general denial. Judgment in justice's court for appellee for full amount of his claim. On appeal to the county court appellee again recovered judgment for the full amount of his claim. The court charged the jury as follows: "The defendant does not deny being indebted to plaintiff in the sum of $50, but seeks to offset and plead in reconvention the amount of $200 as damages claimed to have been sustained by defendant's company for carelessness of said Hurless, plaintiff, in stopping his train upon the track at a water-tank, and failing to keep out three lights and place torpedoes upon the track, as required by the company's regulations. Now, gentlemen, if you find from the evidence that the railway company is indebted to Hurless, the plaintiff, for wages, as claimed, then you will find for W. H. Hurless in the amount claimed. You are instructed that if you find from the evidence that said Hurless, plaintiff in this suit, was in possession of, and acquainted with, the rules and regulations, and that said Hurless wilfully and negligently failed or refused to keep up said lights or place torpedoes on the track, then and in that case you will find for the defendant in such sum as has been proven that said defendant actually sustained." This charge is

erroneous in two particulars: 1st. It states to the jury that the defendant did not deny the indebtedness claimed by the plaintiff, when the pleadings of the defendant show to the contrary. 2d. It instructs the jury that the failure of the plaintiff to keep up the lights or place the torpedoes on the track must have been not only negligent, but *wilful*. A servant is liable to his master for injuries to his master's property caused by his negligence, and there is no rule of law which requires that the negligence shall be *wilful* in order to create this liability. [2 Thomp. Neg. 1061.]

§ **583.** *Wrongdoer cannot apportion his wrong; one wrongdoer cannot excuse himself because another wrongdoer contributed to the injury.* The court charged the jury further, as follows: "You are further instructed, gentlemen of the jury, that if you find from the evidence that the conductor in charge of the train colliding with Hurless' train was guilty of similar or greater negligence than Hurless, in approaching the tank and colliding with plaintiff's train, then and in that case plaintiff would not be liable to damages in reconvention, and you should find for plaintiff in amount claimed; otherwise you will find for defendant." This is not the law. If two or more servants, though acting independently of each other, are at the same time guilty of a wrong which contributes to the injury of the master, all or either of them are liable to the master to the full extent of the injury, the same as other wrongdoers. "The true doctrine in such cases is that the wrongdoer cannot be allowed to apportion or qualify his wrong, and that, as a loss has actually happened whilst his wrongful act was in operation and force, it is fairly attributable to his wrongful act; he cannot set up as a defense that there was another or more important cause of the loss acting upon the subject matter at the same time, or a bare possibility of a loss if his wrongful act had never been done." [2 Thomp. Neg. 1061.]

November 4, 1882.          Reversed and remanded.